| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR SUMMONS** | **U. S. Probation Office** Eastern District of Michigan | PACTS 6340433 | DATE 04/11/2025 |
|---|---|---|---|---|

| NAME BURKS, Carrie | | OFFICER Kyle Cordova | JUDGE Laurie J. Michelson | DOCKET # 19-CR-20500-05 |
|---|---|---|---|---|
| **ORIGINAL SENTENCE DATE** 09/21/2021 | **SUPERVISION TYPE** Supervised Release | **CRIMINAL HISTORY CATEGORY** I | **TOTAL OFFENSE LEVEL** 21 | **PHOTO** |
| **COMMENCED** 03/27/2023 | | | | |
| **EXPIRATION** 03/26/2026 | | | | |
| **ASST. U.S. ATTORNEY** Andrea Hutting | | **DEFENSE ATTORNEY** To Be Determined | | |

**REPORT PURPOSE**

**TO ISSUE A SUMMONS**

**ORIGINAL OFFENSE**

Count 3: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 18 U.S.C. § 2, Possession With Intent to Distribute and to Distribute Cocaine and Aiding and Abetting

**SENTENCE DISPOSITION**

Custody of the Bureau of Prisons for a term of 24 months, to be followed by a three-year term of supervised release.

**ORIGINAL SPECIAL CONDITIONS**

1. You must submit your person, residence, office, vehicle(s), papers, business or place of employment, and any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; you must warn any residents that the premises may be subject to searches.
2. You must submit to substance abuse testing to determine if you have used a prohibited substance.
3. If necessary, you must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).
4. If necessary, you must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).
5. You must submit to a psychological/psychiatric evaluation as directed by the probation officer, if necessary.
6. You must take all mental health medications that are prescribed by your treating physician.

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR SUMMONS** | **U. S. Probation Office** Eastern District of Michigan | PACTS 6340433 | DATE 04/11/2025 |
|---|---|---|---|---|
| **NAME** BURKS, Carrie | | **OFFICER** Kyle Cordova | **JUDGE** Laurie J. Michelson | **DOCKET #** 19-CR-20500-05 |

Criminal Monetary Penalty: Special Assessment $100.00. (Paid)

The probation officer believes that the offender has violated the following conditions of Supervised Release:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1 | **Violation of Mandatory Condition:** "YOU MUST NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME." |

On March 21, 2025, BURKS was arrested by officers from the Royal Oak Police Department in Royal Oak, Michigan and charged with Opium or Derivative – Possess (felony), Resisting Officer (felony), Concealed Weapons- Carrying Concealed (felony), and Driving While License Suspended/Revoked (misdemeanor).

According to the Royal Oak Police Department, On March 21, 2025, an officer on patrol confirmed a vehicle speeding and completed a traffic stop. The vehicle was noted to be a rental vehicle, bearing a State of Florida license plate. The officer made contact with the driver, later identified as Carrie BURKS. BURKS provided her driver's license and indicated that the vehicle was a rental. The officer indicated that she was able to obtain the rental agreement, showing that the vehicle rental was expired by approximately one month.

A Law Enforcement Information Network (LEIN) and Secretary of State (SOS) query was completed which returned showing that BURKS license was suspended. The officer returned to speak with BURKS and advised her of the suspension and that the vehicle would be towed. The officer indicated that BURKS would not be arrested for the misdemeanor and offered to give her a ride to where she needed to go. The officer advised BURKS to exit the vehicle and not to grab anything while she exited. Officers noted that BURKS appeared cooperative; however, she rolled the windows up and appeared to call her mother instead of exiting the vehicle. Officers allowed her to continue the call and noted that she grabbed her purse and a "pink heart shaped small coin purse" from inside the vehicle. The officer indicated that he eventually had to open the drivers side door and tell BURKS to exit while she continued her call.

The officer noted that BURKS had to be told numerous times to stay at the front of the patrol vehicle while her vehicle was being inventoried. BURKS became "verbally confrontational" and continued to move about the area. The officer noted that she was now over by the sidewalk and notified assisting officers to place BURKS in the rear of his patrol vehicle as a result.

The officer indicated while walking around BURKS vehicle he noticed a small pink coin purse laying on the ground where BURKS was standing prior to being placed in the patrol vehicle. Upon searching the coin purse, the officer located cash, coins, and "a clear plastic bag with white pills inside." The baggie contained six white pills with the marking "T 194" (to note- officers advised that a search of her purse recovered two additional pills resembling those found in the coin purse). The officer searched online and indicated that this marking identified the pills as

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR SUMMONS** | **U. S. Probation Office** Eastern District of Michigan | PACTS 6340433 | DATE 04/11/2025 |
|---|---|---|---|---|
| NAME BURKS, Carrie | OFFICER Kyle Cordova | JUDGE Laurie J. Michelson | | DOCKET # 19-CR-20500-05 |

Acetaminophen and Oxycodone Hydrochloride, commonly referred to as "oxy." The officer talked with BURKS and asked if she had any prescriptions; wherein, she indicated she does for her wrist but did not disclose what the prescription was.

Officers asked BURKS, who was still seated in the rear of the patrol vehicle, for the keys to her vehicle so the tow truck driver could properly move it, and BURKS refused. Officers then asked BURKS to step out and advised her that she was under arrest for driving on a suspended license and possession of Oxycodone without a prescription. BURKS "gave a verbal noise of noncompliance and defiance to not step out and shook her head indicating no." Officers advised that they were met with "physical resistance" and had to physically pull BURKS out of the backseat of the patrol vehicle. BURKS continued to resist; wherein, officers had to pin BURKS against the rear of the patrol vehicle to maintain control and she was eventually placed in handcuffs. BURKS yelled at officers indicating that she was pregnant.

BURKS was walked to the front of the patrol vehicle to make sure that the front dash camera and body worn cameras would capture male officers performing a search on a female. BURKS continued to be noncompliant, indicating that only a female officer can search her. Officers noted that BURKS was able to move her hands from behind her back and grab the officer's hands when trying to search her right front pocket. The officer "repeatedly had to tell her to stop" and that he could perform the search.

Officers then searched BURKS purse and located "red metallic/brass knuckles and two knives (one blue and one black)." Without being asked who the knives belonged to, BURKS claimed that those items were not hers and did not know who they belonged to. BURKS was booked at the Royal Oak Police Department and then released pending charges. At this time, there does not appear to be charges filed against BURKS.

2   **Violation of Mandatory Condition:** "YOU MUST NOT UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE."

On March 21, 2025, BURKS was arrested by officers from the Royal Oak, Michigan Police Department and charged with Opium or Derivative – Possess (felony). During a search of BURKS belongings, officers recovered a total of eight white pills with the marking "T 194." Officers indicated that the pills were believed to be Acetaminophen and Oxycodone Hydrochloride, commonly referred to as "oxy."

3   **Violation of Standard Condition**: "YOU MUST NOT OWN, POSSESS, OR HAVE ACCESS TO A FIREARM, AMMUNITION, DESTRUCTIVE DEVICE, OR DANGEROUS WEAPON (I.E. ANYTHING THAT WAS DESIGNED, OR WAS MODIFIED FOR, THE SPECIFIC PURPOSE OF CAUSING BODILY INJURY OR DEATH TO ANOTHER PERSON SUCH AS NUNCHAKUS OR TASERS)."

On March 21, 2025, BURKS was arrested by the Royal Oak, Michigan Police Department and

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR SUMMONS** | **U. S. Probation Office** Eastern District of Michigan | PACTS 6340433 | DATE 04/11/2025 |
|---|---|---|---|---|
| NAME BURKS, Carrie | OFFICER Kyle Cordova | JUDGE Laurie J. Michelson | | DOCKET # 19-CR-20500-05 |

charged with Concealed Weapons- Carrying Concealed (felony). Upon a search of her purse, officers located "red metallic/brass knuckles and two knives (one blue and one black)."

| I declare under penalty of perjury that the foregoing is true and correct. **PROBATION OFFICER** s/Kyle Cordova/mt 313-234-5435 | **DISTRIBUTION** Court |
|---|---|
| **SUPERVISING PROBATION OFFICER** s/Tracy Kosmas 313-234-5272 | **PROBATION ROUTING** Data Entry |

**THE COURT ORDERS:**

[ X ]   The issuance of a summons

[  ]   Other


        s/Laurie J. Michelson
        United States District Judge

        4/11/2025
        Date

Page **4** of **4**